854 F.2d 1328
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rex B. CAMPBELL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 88-3165.
 United States Court of Appeals, Federal Circuit.
 July 20, 1988.
 
 Before NIES, PAULINE NEWMAN and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Rex B. Campbell seeks review of the final decision of the Merit Systems Protection Board, Docket No. DE07318710280, sustaining the Office of Personnel Management's (OPM) decision that he is ineligible for the position of a Detection Systems Specialist (DSS) with the United States Customs Service. We affirm.
 
 OPINION
 
 2
 Mr. Campbell is a former air traffic controller for the Department of Transportation, FAA, who was removed for participating in an illegal strike against the United States government in 1981. Under President Reagan's directive of December 9, 1981, air traffic controllers who were discharged for participation in the 1981 strike, are not entirely precluded from federal employment but are permitted to be hired for positions that are "outside the scope" of the FAA. In Meyer v. Office of Personnel Management, 767 F.2d 868, 869 (Fed.Cir.1985), this court held that positions "outside the scope" of the FAA would not include those positions that "significantly interface" with FAA operations.
 
 
 3
 The Administrative Judge found that OPM demonstrated that a "significant interface" exists between the Customs DSS position and the FAA and, thus, that OPM correctly rated Campbell ineligible for that position. Campbell does not attack that finding on the basis that it is unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982). Rather, he asserts that OPM was required by the Administrative Procedures Act, 5 U.S.C. Sec. 552(a)(1)(D) (1982), to publish a listing of positions for which discharged air traffic controllers would be ineligible and that, in any event, he is not subject to OPM's jurisdiction to determine suitability because he is a "transferee" under the regulations, not an applicant for employment. 5 C.F.R. Sec. 731.301 (1988). We reject the argument that these statutory and regulatory provisions apply to the facts here. 5 C.F.R. Sec. 731.301 applies to establishing suitability for employment in the competitive service generally, while President Reagan's directive defines those limited positions within the competitive service for which former air traffic controllers may be eligible despite their having been strikers. Air traffic controllers fired for striking cannot circumvent restrictions on their reemployment merely by serving in a position without significant interface with the FAA and then seeking to transfer to such a position after one year. Campbell also asserts that OPM did not comply with the notice requirements before issuing the negative suitability determination, but that to prove this was harmful error would be an impossibility, a patently meritless argument. Additionally, he argues that under President Reagan's directive, exclusion can extend only to FAA and DOD; however, this panel is unable to overturn the ruling in Meyer.
 
 
 4
 Campbell also makes a broadside attack on the OPM, the board, and this court which is wholly unfounded.
 
 
 5
 Having considered these arguments and all other arguments of Campbell, in light of the record, we have not been persuaded that the board's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Accordingly, we affirm for the additional reasons stated therein.
 
 
 6
 Campbell's motions for disqualification of the active judges of this court and his request for a change of venue have been considered and are denied.